(115 App. Div. 153)

## KINDBERG v. CHAPMAN.

(Supreme Court, Appellate Division, First Department. October 12, 1906.)

PLEADING—BILL OF PARTICULARS.

Where the bill of particulars specified as an item of defendant's counterclaim that between certain dates (a period of 141 weeks) defendant expended on account of plaintiff $10 a week for theaters, meals, etc., and as another item that he expended for plaintiff for trips and excursions $2 per week during four months of each year for five seasons—about $1,400; and defendant, in his affidavit in opposition to the motion for a further bill, alleges that these were running disbursements for railroad fares and at theaters and hotels; that no itemized account thereof was kept, and that he is unable to furnish a detailed statement of the amount, included in the items, and that on account of the circumstances under which the disbursements were made it was impossible for him to specify them more particularly than in the bill of particulars furnished; and plaintiff submits no affidavit denying that defendant actually advanced the money for the purpose mentioned, except the reply to the counterclaim—the bill of particulars furnished will be *held* sufficient, and no further bill will be required.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 973.]

Appeal from Special Term, New York County.

Action by Edward C. Kindberg against Robert R. Chapman. From an order directing the giving of a further bill of particulars in respect to items in defendant's counterclaim, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Theodore T. Baylor, for appellant.

August Reymert, for respondent.

INGRAHAM, J. In view of the affidavit of the defendant, I do not think that this order should be sustained. The bill of particulars served specified as one of the items for which defendant asked a judgment that between October 30, 1897, and June 16, 1900, 141 weeks, the defendant expended on account of the plaintiff $10 a week for theaters, meals, etc., and as another item he expended for plaintiff for trips and excursions $2 per week during four months each year, five seasons, about $1,400. He alleges in his affidavit, in opposition to the motion, that these were running disbursements for railroad fares and at theaters and hotels; that no itemized account of the disbursements were ever kept, and defendant is unable to furnish a detailed statement of the amount included in those items, and on account of the circumstances under which these disbursements were made, it is impossible for him to specify them more particularly than he has in the bill of particulars furnished. If the defendant is required to give these particulars, it would result in defeating his claim for reimbursement. There was no affidavit submitted by the plaintiff which denies that the defendant actually advanced money for the purpose mentioned, except the reply to the counterclaim, and if such advances were actually made the plaintiff must have as much information about them as the defendant.

I think that the bill of particulars furnished, containing all the information that the defendant could give, was sufficient, and consequently the order appealed from should be reversed, with $10 costs and disbursements, and the motion for a further bill of particulars denied. All concur.

